884 F.2d 1390
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
NITED STATES of America, Plaintiff-Appellee,
v.
McKinley MILLER, Defendant-Appellant.
 No. 89-5542.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 31, 1989.
Decided Aug. 30, 1989.
 
 Thomas K. Berger, on brief for appellant.
 Henry E. Hudson, United States Attorney, Debra S. Straus, Special Assistant, United States Attorney, on brief for appellee.
 Before DONALD RUSSELL and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 McKinley Miller appeals from the district court's judgment imposing concurrent imprisonment sentences of twelve months for possession of a cocaine base substance in violation of 21 U.S.C. Sec. 844 and thirty-seven months for prisoner possession of that substance in violation of 18 U.S.C. Sec. 13 (assimilating Va.Code Sec. 53.1-203(5)) after a jury found him guilty of those offenses. On appeal, Miller argues that federal law precludes assimilating the Virginia offense and that the government failed to prove essential elements of that offense. We affirm.
 
 
 2
 Miller was a District of Columbia inmate confined in Lorton Reformatory located on federal land in Virginia. At trial, the government introduced evidence to prove that, on July 26, 1988, a Lorton correctional officer discovered a white rock substance secreted under the inner sole of Miller's shoe during a search. Chemical analysis revealed that the substance was 1.118 grams of cocaine base at 91 percent purity.
 
 
 3
 The Assimilative Crimes Act permits the United States to adopt state law for any act occurring within the territorial jurisdiction of the United States which, "although not made punishable by an enactment of Congress, would be punishable if committed ... within the jurisdiction of the State ... in which such place is situated." 18 U.S.C. Sec. 13(a). Under its terms, the Act may not be invoked if federal law already proscribes the same conduct. Williams v. United States, 327 U.S. 711 (1946).
 
 
 4
 The jury found that Miller had violated the assimilated offense of Va.Code Sec. 53.1-203(5), which provides:
 
 
 5
 It shall be unlawful for a prisoner in a state, local or community correctional facility ... to: ... [p]rocure, sell, secrete or have in his possession any chemical compound which he has not lawfully received....
 
 
 6
 Miller contends that federal law precludes assimilating that Virginia offense because he argues that section 22-2603 of the District of Columbia Code, which Congress enacted, proscribes the same conduct. Section 22-2603, however, unlike the Virginia offense, prohibits any nonauthorized person from introducing a narcotic drug into a District of Columbia penal institution. The two offenses do not proscribe the same conduct. See Williams, 327 U.S. at 711; see also United States v. Teplin, 775 F.2d 1261 (4th Cir.1985).
 
 
 7
 Miller next argues that the government failed to prove two essential elements of the Virginia offense. First, he points out that section 53.1-203(5) applies to prisoners "in a state, local or community correctional facility" and that he was an inmate in a District of Columbia institution. We agree with the district court, however, that the language of the Virginia statute, "a state, local or community correctional facility," is sufficiently broad enough to encompass Lorton Reformatory. Cf. United States v. Kiliz, 694 F.2d 628, 630-31 (9th Cir.1982) (assimilated Washington statute that prohibits operating a motor vehicle without a license "on any public highway of this state" encompasses such activity on a road in a restricted federal shipyard).
 
 
 8
 Miller also contends section 53.1-203(5) required the government to prove that he unlawfully received the cocaine base substance. In our view, the circumstantial evidence overwhelmingly proved that he did not lawfully receive the narcotics.
 
 
 9
 The judgment of the district court, therefore, is affirmed. We dispense with oral argument because the facts and the legal contentions are adequately presented in the materials before us and because argument would not aid in the decisional process.
 
 
 10
 AFFIRMED.